IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS OAKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1298-F |
| | ) | |
| OKLAHOMA UNIVERSITY MEDICAL CENTER, OKLAHOMA COUNTY JAIL, OKLAHOMA POLICE DEPARTMENT, OKLAHOMA CITY POLICE DEPARTMENT, OFFICER S. McKEE, OFFICER JOHN RICKETTS, OFFICER R. VILLANUEVA, OFFICER B. JONES, OFFICER JOSE PENA, AND OFFICER JOHN SZYMANSKI, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.     Plaintiff's complaint.**

Marcus Oakes (Plaintiff)[1], appearing pro se[2] and in forma pauperis, filed his complaint in this Court on November 23, 2015, seeking relief under federal and state law for injuries he allegedly suffered when Oklahoma City

---

[1]     Plaintiff is a federal prisoner confined at USP Beaumont, Beaumont, Texas. Doc. 1, at 12.

[2]     Because Plaintiff appears pro se, the court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

police officers seized and assaulted him on August 25, 2006, over nine years earlier. Doc. 1, at 4-6.

Plaintiff names the following Defendants "in their official & municipal corporate capacities:" Oklahoma University Medical Center, where Plaintiff received treatment for his injuries; the Oklahoma County jail; and the Oklahoma City police department. *Id.* at 1, 6, 2-3. Plaintiff also names the following six Oklahoma City police department officers, each in his personal and official capacity: S. McKee; John Ricketts; R. Villanueva; B. Jones; Jose Pena; and John Szymanski. *Id.* at 1-2, 3-4.

This matter is before the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Because it is clear from the face of Plaintiff's complaint that the statute of limitations bars adjudication of the merits of his claims and "that no state tolling provision [i]s applicable to cure his timeliness problem . . . ," *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097-98 (10th Cir. 2009), the undersigned recommends the summary dismissal of Plaintiff's action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

[3] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

3

## II. The statute of limitations bars Plaintiff's claims.

The law governing a determination of the timeliness of Plaintiff's claims is long-settled. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Here, Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(A)(3). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (quotation omitted). So, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Id.* at 558 (quotation omitted).

Oklahoma permits tolling in limited circumstances:[4]

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull

---

[4] Congress did not enact specific tolling rules applicable to § 1983 actions, so "state law governs the application of tolling in a civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (citation omitted).

4

> plaintiffs into sitting on their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). The plaintiff bears "the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Plaintiff's claims accrued in August 2006 and the two-year statute of limitations on his claims expired around seven years before he filed this action. Acknowledging his glaring timeliness obstacle, Plaintiff specifically alleges in his complaint that "[a]n important issue before this Court with this Complaint is whether [he] should be entitled to equitable tolling." Doc. 1, at 9. He recognizes it is his burden to establish "that he has been pursuing his rights diligently" and contends "that if this Court considers the facts presented in [¶¶] 22-26, above, then it is quite clear that he has been pursuing his rights diligently." *Id.* Plaintiff also assumes his burden of proving that an "extraordinary circumstance" prevented him from filing his complaint in a timely manner, claiming that he "was practically abandoned by both attorneys that he had." *Id.*

5

In ¶¶ 22 through 26, Plaintiff alleges (1) his retained criminal counsel "took the Civil Case, pro bono" in November 2006; (2) in 2007, he "received documentation from his civil lawyer alleging the filing of the Civil Suit"; (3) he was in Oklahoma Department of Corrections custody from September 2007 until May 2008 and relied on his father to deal with his civil attorney, a "Ms. Combs," whom Plaintiff tried, unsuccessfully, to call and visit in 2008; (4) he was arrested in January 2009 and learned "[a]round this time" that "Ms. Lang" had withdrawn "from the civil case, awhile back"; (5) in March 2009, after retaining counsel, Michael Johnson, on a new criminal charge, he "informed him of the issue with the Civil Matter [and] Mr. Johnson informed [him] that he will aid [him] in the matter"; (6) in May 2009, his children's mother "hand delivered all of the medical records and evidence to Mr. Johnson, at the Federal courthouse in Oklahoma City"; (7) sometime "later," Mr. Johnson advised "that the federal prosecutor and investigators have all of the information and/or evidence and that it was being investigated, and that when the investigation is closed that the suit could be filed, around September 2010"; (8) at an unspecified time, he contacted Mr. Johnson "about the investigation of the civil case, and was told that it was still being investigated and that it would be awhile before he heard anything back"; (9) thereafter, he "moved back and forth between Federal and State custody"; (10) in June 2011, when contacted, Mr. Johnson's secretary stated "the

Federal government had the case still"; and (11) Plaintiff inquired again about the investigation in October 2012 "with no reply back" and continued to attempt to make contact with Mr. Johnson until an unspecified time in 2014. *Id.* at 7-9.

"There is nothing about these factual circumstances that would trigger tolling under Oklahoma law — no legal disability, no fraudulent concealment, and no exceptional circumstances." *Young v. Davis*, 554 F.3d at 1258. In describing his attempts to diligently prosecute his claims, Plaintiff – despite having allegedly received documentation – "has failed to provide sufficient specificity" about a civil action allegedly filed on his behalf in 2007 by an attorney he identifies, first, as a Ms. Combs and, subsequently, as a Ms. Lang. *Watkins v. Craft*, 455 F. App'x 853, 856 (10th Cir. 2012). Similarly, he fails to offer any "specificity" regarding a purported federal government investigation of his claims, and, given that he requested Mr. Johnson's assistance with his previously filed lawsuit, he fails to explain why he would reasonably wait from March 2009 until 2014 for a new lawsuit to be filed over an incident that occurred in 2006 (and then wait until the end of 2015 to proceed pro se). *Id.* And, while Plaintiff alleges he has been in and out of custody since 2006, he does not maintain his confinement prevented him from pursing his claims or explain why he was unable "to prepare a

7

timely § 1983 complaint containing the basic allegations supporting [his] claim[s]." *Id.*

Nonetheless, the medical records Plaintiff appended to his complaint document his birthdate as December 4, 1988; he was seventeen in August 2006 when his claims accrued. Doc. 1, Ex. 1, at 9. Consequently, Plaintiff did not reach the age of majority until December 4, 2006. In Oklahoma, a minor is considered to be a person under a legal disability. *See Garrison v. Wood,* 957 P.2d 129, 130 n.2 (Okla. Civ. App.1997); *see also Young,* 554 F.3d at 1258. And, under Oklahoma law, the "existence of the requisite disability tolls the statute of limitations as to the sufferer throughout the period of disability." *Walker v. Pac. Basin Trading Co.,* 536 F.2d 344, 347 (10th Cir. 1976). *See* Okla. Stat. tit. 12, § 96. The statute of limitations on Plaintiff's claims was tolled until December 4, 2006, the date he reached the age of majority.

Because it is clear from the face of Plaintiff's complaint that (1) his right to pursue this action expired on December 4, 2008, at the latest,[5] and (2) no (additional) tolling provision is available "to cure his timeliness

---

[5] This interpretation gives Plaintiff the benefit of a two-year limitation period beginning on his eighteenth birthday. Read plainly, the governing Oklahoma statute allows a person who was under a disability when their cause of action accrued "to bring [an] action within one (1) year after such disability shall be removed . . . ." Okla. Stat. Ann. tit. 12, § 96. Under the circumstances of this case, the distinction is not relevant.

8

problem . . . ," *Vasquez Arroyo*, 589 F.3d at 1098, Plaintiff's complaint – filed on November 23, 2015 – fails to state a claim on which relief can be granted.

IV. **Recommendation and notice of right to object.**

For the reasons stated, and under 28 U.S.C. § 1915(e)(2)(B)(ii), the undersigned Magistrate Judge recommends the dismissal of this action on filing.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court by the 22nd day of February, 2016, under 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 2nd day of February, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE